759 So.2d 937 (2000)
STATE of Louisiana
v.
Michael D. FISH.
No. 99-KA-1280.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 2000.
*938 Bruce G. Whittaker, New Orleans, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Quentin Kelly, Assistant District Attorney, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., THOMAS F. DALEY and CLARENCE E. McMANUS.
DALEY, Judge.
Defendant, Michael Fish, was charged with possession of cocaine, a violation of LSA-R.S. 40:967. A jury found him guilty as charged on May 26, 1999. Sentencing was set for June 17, 1999. At the sentencing hearing, counsel for defendant stated that he had filed a Motion for a Sanity Hearing, which should delay sentencing until defendant's mental capacity to proceed was resolved. The court denied the motion, and sentenced the defendant. The trial court sentenced the defendant to five years' imprisonment without hard labor, with a portion of the sentence to be suspended. Defendant appeals the sentence, arguing that it was error for the court to impose the sentence without ascertaining his mental capacity.
On July 19, 1999, the defendant filed several pro se motions, including an untimely Motion for New Trial and a Motion for Speedy Trial. The Motion for Speedy Trial was denied as moot, and the record does not reflect a ruling upon the Motion for New Trial. On August 30, 1999, the defendant filed an Application for Post-Conviction Relief, asking the trial court to grant him an out-of-time appeal.

FACTS
Deputy Lamar Hooks testified that in the early morning hours of December 18, 1999, he and his partner, Deputy Kevin Decker, were patrolling the area of Rue Louis Phillippe and Betty Street in Jefferson Parish. They saw a pickup truck parked in a very dark location, and turned their police spotlight on the truck and approached the vehicle. Deputy Hooks approached the driver's side of the truck, with his flashlight on, while Deputy Decker approached the passenger side. Deputy Hooks told the jury that he asked the driver, later identified as the defendant, to exit the truck. As the defendant exited the truck, Deputy Hooks saw him discard two small objects. Deputy Hooks was able to retrieve the objects, which appeared to be crack cocaine. Deputy Decker corroborated Deputy Hooks's testimony, and told the jury that he arrested the defendant and took the objects into custody, releasing the objects to the Jefferson Parish Narcotics agent. Thomas Angelica, *939 an expert in the identification of controlled dangerous substances, testified that the objects tested positive for cocaine. The defendant presented no witnesses on his behalf, and, based on the foregoing, the jury found the defendant guilty as charged.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the trial court erred in not ascertaining appellant's mental capacity to proceed before imposition of sentence.
Prior to the defendant's sentence being pronounced, the defendant's attorney asked the trial court to continue the sentencing hearing pending the determination of the defendant's competency to stand trial. The trial court denied this motion, noting that the motion in question was not filed in the instant case, but had been filed in a different proceeding against the defendant. The trial court then sentenced the defendant.
The State responds that because the defendant did not meet his burden of proof showing any reasonable grounds to doubt the defendant's mental capacity to proceed, there was no reason for the trial court to grant the continuance to assemble a sanity commission.
LSA-C.Cr.P. art. 642 provides that, once a defendant's mental capacity to proceed is called into question, there shall be no further steps in the criminal prosecution. The issue of present insanity or mental incapacity to proceed may be raised at any stage of the proceedings, even after conviction, as a reason why sentence should not be passed. State v. Payne, 586 So.2d 652, 654 (La.App. 5 Cir. 1991). LSA-C.Cr.P. art. 643 further provides that the court is required to order a mental examination of the defendant when it has reasonable grounds to doubt defendant's capacity. The ordering of a sanity commission to inquire into the defendant's present capacity to proceed rests in the sound discretion of the trial court. State v. Bibb, 626 So.2d 913 (La.App. 5 Cir. 1993), writ denied, 93-3127 (La.9/16/94), 642 So.2d 188. Furthermore, the ruling of a district court on a defendant's mental capacity to proceed is entitled to great weight on appellate review, and will not be overturned absent an abuse of discretion. State v. Scamardo, 97-197 (La.App. 5 Cir. 2/11/98), 708 So.2d 1126, 1129; State v. Bibb, supra.
In State v. Bickham, 404 So.2d 929, 934 (La.1981), the Louisiana Supreme Court stated:
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant lacks the capacity to understand the proceedings against him or to assist in his defense. C.Cr.P. Art. 641. The defendant bears the burden of establishing that he lacks the capacity to understand the object, nature and consequences of the proceedings against him and that he is unable, in a rational as well as factual manner, to consult with counsel in a meaningful way. State v. Hamilton, 373 So.2d 179 (La.1979).
Defense counsel did not move either orally or in writing for a sanity hearing in the instant case; rather, the defendant relied upon a motion made in another case against the defendant. That motion is not included in the record of this case. Further, as the court pointed out in State v. Bickham, supra, in order to overcome the presumption of the defendant's sanity, counsel must present evidence of the defendant's diminished capacity, which the defense did not do in this case. The trial court only has responsibility to order a sanity commission on its own motion when the trial judge "received information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense." State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832.
The trial judge apparently observed nothing to suggest that the defendant was *940 not competent, either at trial or at the sentencing hearing. Nor does the record indicate that the defendant was not competent. Accordingly, it was within the trial court's discretion to deny the continuance, and we see no abuse of that discretion. See State v. Payne, 586 So.2d at 654.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990).
The record reflects that the trial court failed to advise the defendant, at the time of sentencing, of the delays for post conviction relief. LSA-C.Cr.P. art. 930.8 provides that a defendant has two years from the day the judgment becomes final in which to file an application for post conviction relief. We remand, and order the district court to send written notice of the prescriptive period to defendant within ten days of the rendering of this opinion, and then file written proof in the record that defendant received said notice. See State v. Stelly, 98-578 (La.App. 5 Cir. 12/16/98), 725 So.2d 562.
Accordingly, the defendant's sentence is affirmed.
AFFIRMED; REMANDED WITH INSTRUCTIONS.