CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 On April 27, 2005, the Jefferson Parish District Attorney’s Office filed a bill of information charging the defendant, Marvin Robinson, with simple burglary of a vehicle, a violation of LSA-R.S. 14:62. At his arraignment, the defendant pled not guilty. On August 11, 2008, the defendant filed an omnibus motion including motions to suppress his evidence, identification, and statement(s). On the day of trial, the trial judge denied the defendant’s motion to suppress evidence and statement.
 

 At trial, Julio Salmerón testified that, on March 29, 2005, he went outside of the Poposeria Restaurant where he was employed and found the defendant sitting in the passenger seat of his car with the door closed. Thereafter, Salmerón called the police. Salmerón testified that the defendant returned inside the restaurant after the defendant “broke in” his car. According to Salmerón, he did not know the defendant and did not give him permission to go into his car.
 

 Gordon MeCraw, formerly with the Gretna Police Department, testified that he responded to the car burglary at Po-poseria located in the 2300 block of Belle
 
 *695
 
 Chasse Highway. McCraw testified that Salmerón met him outside the restaurant. Salmerón informed McCraw that the person he saw inside his vehicle was inside lathe restaurant. Salmerón pointed out the defendant, who was in the front of the restaurant when the Gretna police arrived.
 

 After Salmerón positively identified the defendant, McCraw arrested him. In a search of the defendant incident to arrest, McCraw found a woman’s watch and a man’s black wallet containing Salmeron’s identification. The defendant told McCraw that he found the wallet on the ground. After McCraw searched the defendant on site, the officer gave Salmerón his wallet found on the defendant. According to Salmerón, his girlfriend’s watch was also missing from the car. However, Salmerón did not remember if he reported the missing watch to the police.
 

 Eric Becnel, formerly a detective with the Gretna Police Department and currently employed by the FBI in New Orleans, testified that when he interviewed the defendant, the defendant initially denied any involvement in the burglary. ■ The defendant told him that he found the wallet on the ground. Becnel testified that the defendant subsequently admitted to actually burglarizing the vehicle and taking the wallet off the car seat when Becnel told the defendant that a witness saw him in the car rummaging through it. According to Becnel, he also recorded a second interview with the defendant, 35 to 45 minutes later at the police station. The defendant did not admit in either statement to taking the watch found in his possession out of the car.
 

 On August 21, 20.08, after a one-day jury trial, the defendant was found guilty as charged. On October 17, 2008, the trial court imposed a sentence of 11 years at hard labor with credit for time served.
 

 On the same day, the State filed a multiple bill of information alleging the defendant to be a third felony offender. The defendant denied the allegations in the multiple offender bill. Subsequently, after a hearing, the trial court found the defendant to be a third felony offender, vacated the defendant’s original sentence, |4and sentenced the defendant to his natural life at hard labor without benefit of parole, probation, or suspension of sentence. The defendant takes this timely appeal.
 

 Defendant’s appellate counsel filed a brief on his behalf arguing two assignments of error. Defendant then filed a “Supplement of Original Brief’ asserting two pro se assignments of error. Further, on December 14, 2009, this Court granted defendant’s motion to supplement allowing him to file a brief asserting an additional pro se assignment of error. For the reasons assigned below, we vacate defendant’s conviction and sentence for simple burglary of a vehicle and vacate his multiple offender finding and sentence.
 

 COUNSELED ASSIGNMENT OF ERROR NUMBER ONE
 

 In the brief filed by counsel, the defendant claims that the record is deficient concerning the defendant’s competency and, therefore, his conviction and sentence should be set aside and the matter remanded for further hearings and/or a new trial. The defendant argues that, while the May 15, 2008 minute entry suggests that the defendant was found competent to stand trial, the May 15, 2008 transcript does not reflect a clear resolution on the defendant’s competency. The defendant claims that the May 15, 2008 transcript, that cannot be further supplemented because of an equipment malfunction, is deficient on the trial court’s determination of the defendant’s competency to stand trial.
 

 
 *696
 
 In addition, the defendant argues that the May 14, 2008 letter from Doctors Sal-cedo and Richoux concerning the defendant’s competency, which was sent as an exhibit with the supplement to the appellate record, does not indicate that the letter addressed to the trial judge at the courthouse was ever received because it is not stamped by the Clerk’s Office for the Twenty-Fourth Judicial District Court. The record also does not reflect that the trial judge personally received or reviewed the May 14, 2008 letter.
 

 | ¡The defendant contends that, after the trial judge found that a bona fide question had been raised regarding the defendant’s competency, certain procedures had to be followed which the trial judge failed to do. The defendant admits that the record reflects that two doctors evaluated, the defendant and found him competent to stand trial. However, the defendant argues that there is nothing in the record to show that the trial judge personally considered the doctors’ evaluation, spoke to the doctors, or adjudicated the issue of the defendant’s competency. The defendant asserts that the record reflects that “Barbara Johnson” made the determination of whether the defendant was competent to stand trial. The defendant argues that the propriety of the determination that the defendant was competent to stand is questionable and he is prejudiced because the scarcity of evidence available in the record leaves the correctness of the finding beyond the reach of appellate review.
 

 The State claims that there were several hearings conducted concerning the defendant’s competence. The State contends that, in one of those hearings, defense counsel stipulated that the diagnosis of the defendant was appropriate and accurate. According to the State, the index of the supplement to the appellate record contains a May 14, 2008 report from Doctors Salcedo and Richoux indicating the defendant “was examined and proved to be competent to stand trial.” Alternatively, the State suggests the case should be remanded to determine if a nunc pro tunc hearing is possible in order to retrospectively determine his competence. The State notes that if the trial court finds that the defendant was competent, no new trial is required.
 

 In his pro se rebuttal brief, citing
 
 State v. Carney,
 
 25,518 (La.App. 2 Cir. 10/13/95), 663 So.2d 470, the defendant suggests that remand for a nunc pro tunc hearing is absurd. The defendant claims that upholding his . conviction would deprive him of the protective measures mandated in LSA-C.Cr.P. art 641 et seq. and, thereby, deprive him of his due process rights to a fair trial. The defendant argues that the trial court erred in allowing further steps in the prosecution pursuant |6to LSA-C.Cr.P. art 642 after he raised the issue of his mental capacity to proceed. The defendant asserts that the trial court’s doubt of his mental capacity to proceed was shown when the court granted his motion and appointed a sanity commission to examine and evaluate him. The defendant contends that his rights to have his competency to stand trial determined and ruled upon by the trial court cannot be waived or withdrawn by his defense attorney. Therefore, the defendant asks this Court to safeguard his due process rights to a fair trial by vacating his conviction and sentence and remanding his case for a new trial.
 

 “A criminal defendant has a constitutional right not to be tried while legally incompetent.”
 
 State v. Carmouche,
 
 01-0405, p. 29 (La.05/14/02), 872 So.2d 1020, 1041. There is a legal presumption that the defendant is sane and competent to proceed.
 
 State v. Carmouche,
 
 01-0405 at 30, 872 So.2d at 1041. The legal presump
 
 *697
 
 tion that the defendant is sane and responsible for his actions may be destroyed by rebutting evidence. LSA-R.S. 15:432.
 
 See also, State v. Carmouche,
 
 01-0405 at 30, 872 So.2d at 1041, n. 9.
 

 The appointment of a sanity commission is not a perfunctory matter, a ministerial duty of a trial court, or a matter of right.
 
 State v. Carmouche,
 
 01-0405 at 30, 872 So.2d at 1041-42. The mental incapacity of the defendant to proceed may be raised at any time by the defense, the district attorney, or the court. LSA-C.Cr.P. art. 642;
 
 State v. Williams,
 
 03-942, p. 6 (La.App. 5 Cir. 1/27/04), 866 So.2d 1003, 1008,
 
 writ denied,
 
 04-450 (La.6/25/04), 876 So.2d 832. Any question regarding a defendant’s mental capacity must be deemed by the court to be bona fide and in good faith before the court considers if there are reasonable grounds to doubt capacity.
 
 State ex rel. Seals v. State,
 
 00-2738, p. 6 (La.10/25/02), 831 So.2d 828, 833.
 

 The trial court has discretion in deciding whether to order a sanity commission to inquire into the defendant’s present mental capacity to proceed.
 
 State v. Fish,
 
 99-1280, p. 4 (La.App. 5 Cir. 4/12/00), 759 So.2d 937, 939. A defendant’s mental capacity to proceed is determined by the procedure set forth in LSA-C.Cr.P. art. 647, which states:
 

 The issue of the defendant’s mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them' as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant’s mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney.
 

 A trial court’s determination on a defendant’s mental capacity to proceed is entitled to great weight on appellate review, and will not be overturned absent an abuse of that discretion.
 
 State v. Fish,
 
 99-1280 at 4, 759 So.2d at 939.
 

 In this case, the record does not reflect that the defendant filed a- motion requesting a mental examination. However, in their respective briefs, both the defendant and the State appear to agree that the defense requested a mental examination for the defendant, and the trial court ordered the mental examination and appointed a sanity commission to examine and report on the mental condition of the defendant pursuant to LSA-C.Cr.P. art. 644.
 

 The minute entries and transcripts in the record do not clearly indicate that the trial court made a determination on the defendant’s mental capacity to proceed. The May 14, 2008 minute entry indicates that the defendant was waiting to be seen by the doctors and that his competency hearing was set the next day, May 15, 2008. A May 14, 2008 letter from both Doctors Salcedo and Riehoux was sent to this Court as a supplement in response to its June 15, 2009 Order. In the May 14, 2008 letter, both Doctors Salcedo and Richoux indicated that their “recommendation to the court is that [the defendant] be found competent to proceed.” However, there is no indication in the record that the May 14, 2008 | ^letter was ever admitted into evidence and reviewed by the trial court. In addition, it is not stamped with a file date.
 

 The next minute entry of May 15, 2008 indicates, the “Defendant was found competent to stand trial as per Barbara John
 
 *698
 
 son.” The same minute entry indicates that Barbara Johnson informed, the trial court that a report from the doctor would be submitted. The May 15, 2008 minute entry also indicates that a submission of the doctors’ report and a status hearing were scheduled for June 23, 2008.
 

 We find that a literal reading of the statement in the May 15, 2008 minute entry suggests that the defendant was found competent to stand trial by someone other than the trial judge. In
 
 State v. Carmouche, supra,
 
 the Louisiana Supreme Court stated, according to LSA-C.Cr.P. art. 647, “the trial court alone has the ultimate decision on the defendant’s competence, and that decision is committed to the court’s discretion.”
 
 State v. Carmouche, 01-
 
 405 at 32, 872 So.2d at 1042. We also find that the minute entry seems to suggest that Barbara Johnson relayed a message to the court that the doctors’ report would eventually state that the “defendant was found competent to stand trial,” even though it is the judge and not the examining physicians who determine the defendant’s competency to stand trial. Alternatively, we note the minute entry could also suggest that Barbara Johnson, at the court’s direction, contacted the doctors’ office and requested a verbal evaluation. In either case, we find it is unclear whether the trial judge was personally privy to the information from the doctors’ evaluation and report, or whether the judge relied on Barbara Johnson. Therefore, we find it is unclear, based on the May 15, 2008 minute entry, whether the trial court made the determination regarding the defendant’s competency to stand trial.
 

 Further, the May 15, 2008 minute entry is ambiguous, especially because of its incongruity when read with the May 15, 2008 transcript. The May 15, 2008 transcript in the record only includes a brief statement by the trial judge. indicating that he still had not made a ruling on the defendant’s competency. At the end of the May 15, 2008 transcript, the trial judge states, “I’m waiting on a report from the doctors. I want to determine whether or not he is competent....” Thereafter, the proceedings were concluded. The May 15, 2008 transcript contains several inaudible sections. It is unclear whether each inaudible portion covers a few words or sentences or whether large portions of the hearing are missing. However, there are no inaudibles noted from the beginning of the trial judge’s statement about the defendant’s competency until the conclusion of the proceedings. In addition, there is no indication that Barbara Johnson appeared in court on that date. If a ruling on the defendant’s competence was made by the trial judge per Barbara Johnson on May 15, 2008 as the minute entry suggests, then the trial judge would not have stated near the conclusion of the May 15, 2008 hearing that he was waiting on a report from the doctors. This statement by the trial judge suggests that he had not yet ruled on the defendant’s competence. When the transcript and the minute entry conflict, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 The next minute entry on June 23, 2008, indicates that a general hearing was conducted and a trial date was set, but does not indicate that the defendant’s competency was addressed. In addition, the June 23, 2008 transcript does not reflect that the trial court made a determination on the defendant’s competency to proceed. The next minute entry on August 18, 2008, indicates that the trial was continued. There is no mention of the defendant’s competency to proceed.
 

 The next mention of the competency issue was on August 21, 2008. On that date, the trial court conducted a hearing on the defendant’s motion to suppress be
 
 *699
 
 fore trial. Before the motion to suppress hearing started, defense counsel stated, “I just want to put on the record, there had been a sanity motion filed. The doctors submitted a letter that he was competent to stand trial. And just to cover all bases, I will withdraw the motion at this — I don’t know if we have had a sanity hearing.” 110After the State informed defense counsel that he already stipulated to it, defense counsel stated, “okay, well — well if I have, then fíne; I will just withdraw the motion, because the doctors have found him competent.”
 

 We find that the trial court erred in- allowing the defense to withdraw the motion for a sanity hearing after the trial judge appointed a sanity commission because it constituted a prohibited step in the criminal prosecution, after the defendant’s mental incapacity to proceed was raised and before the trial court ruled on the defendant’s mental capacity to proceed. Pursuant to LSA-C.Cr.P. art. 642, once the defendant’s mental competency was raised and the trial court appoints a sanity commission, there can be no further steps in the prosecution of the case.
 

 In
 
 Pate v. Robinson,
 
 383 U.S. 375, 384, 86 S.Ct. 836, 841, 15 L.Ed.2d 815 (1966), the Supreme Court found “it is contradictory' to argue that a defendant may be incompetent, and yet knowingly or intelligently ‘waive’ his right to have the court determine his capacity to stand trial.” Once the defendant’s mental incapacity to proceed is raised, there can be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.
 
 State v. Dauzat,
 
 08-460, p. 6 (La.App. 5 Cir. 1/13/09), 8 So.3d 609, 612, citing LSA-C.Cr.P. art. 642. The act of .withdrawing a motion to appoint a sanity commission is a further step in the prosecution of the case.
 
 State v. Carney,
 
 25,518, p. 4 (La.App. 2 Cir. 10/13/95), 663 So.2d 470, 473. In addition, the withdrawal of such a motion takes the ultimate decision of competency away from the court.
 
 Id.
 

 In
 
 State v. Carney, supra,
 
 the appellate court reversed the defendant’s conviction, vacated his sentence, and remanded the case for further proceedings because the appellate record did not reflect that the issue of the defendant’s mental capacity to proceed had been resolved before he proceeded to trial, in violation of LSA-C.Cr.P. art. 642.
 
 State v. Carney,
 
 25,518 at 2, 663 So.2d at 472. In that case, |1Tthe district court set a date to hold a hearing to determine whether to appoint a sanity commission. On the date of the hearing, defense counsel stated that he was withdrawing the motion to appoint a sanity commission, which the trial court accepted. The defendant was convicted as charged.
 
 State v. Carney,
 
 25,518 at 2, 663 So.2d at 472.
 

 On appeal, the defendant alleged that the trial court- erred because it did not properly resolve the sanity issue before trial.
 
 Id.
 
 After the appellate court reversed the defendant’s conviction and vacated his sentence, it granted the State a rehearing.
 
 Id.
 
 After finding that the transcript of the proceeding was not included in the record, the appellate court conditionally vacated its prior decision and remanded the case to the district court with instructions to conduct an evidentiary hearing to determine whether the defendant had validly withdrawn his request for a sanity commission.
 
 State v. Carney,
 
 25,518 at 2-3, 663 So.2d at 472. On remand, the trial court conducted an evidentiary hearing and ruled that the defendant had validly withdrawn his motion to appoint a sanity commission.
 
 State v. Carney,
 
 25-518 at 3, 663 So.2d at 472.
 

 On appeal of that ruling, the appellate court found .that the defendant sufficiently
 
 *700
 
 raised the issue of his mental capacity to proceed after the indictment was filed.
 
 State v. Carney,
 
 25,518 at 4, 663 So.2d at 473. The appellate court noted that, when defense counsel withdrew the motion, the defendant was not present and, therefore, the trial judge did not observe or question him about his mental capacity. The appellate court found that the trial judge should have, at least, personally observed the defendant and questioned him as to his understanding of the proceedings to determine whether “reasonable ground” existed to doubt his mental capacity.
 
 State v. Carney,
 
 25,518 at 5, 663 So.2d at 473.
 

 In
 
 State v. Strain,
 
 42,809 (La.App. 2 Cir. 12/5/07), 972 So.2d 1184, the appellate court reversed the defendant’s conviction and sentence and found that permitting the motion for appointment of a sanity commission to be withdrawn took the ultimate decision of competency away from the court.
 
 State v. Strain,
 
 42,809 at 5, 972 So.2d at 1188, citing
 
 State v. Carney, supra.
 
 In that case, the defense counsel filed a motion for appointment of a sanity commission in the district court.
 
 State v. Strain,
 
 42,809 at 1, 972 So.2d at 1186. The trial court appointed a sanity commission and ordered the defendant to be examined. Subsequently, a different counsel orally moved to withdraw the previous filed motion before the doctors filed their reports because there was a plea offer and the court would not approve it at that time. The trial court granted the motion to withdraw.
 
 State v. Strain,
 
 42,809 at 2, 972 So.2d at 1186. Thereafter, the trial court accepted the defendant’s guilty plea as freely and voluntarily entered.
 
 State v. Strain,
 
 42,809 at 3, 972 So.2d at 1187.
 

 On appeal, the defendant claimed that the trial court committed reversible error in accepting his guilty plea without adjudicating his competency to proceed after the sanity commission process had been. invoked.
 
 State v. Strain,
 
 42,809 at 3, 972 So.2d at 1187. The appellate court noted that the trial court must have found reasonable grounds to doubt defendant’s mental capacity to proceed because the examination was ordered. The court found that the trial court committed clear error in allowing the matter to proceed to the entry of a guilty plea.
 
 State v. Strain,
 
 42,809 at 6, 972 So.2d at 1188.
 

 In the present case, we find, as the Second Circuit did in
 
 State v. Carney, supra,
 
 that the record does not show that trial court made a determination on the defendant’s mental capacity. In addition, as in
 
 State v. Carney, supra,
 
 we find that allowing the defendant to withdraw his sanity motion was a further step in the prosecution of the case. As the appellate court noted in
 
 State v. Strain, supra,
 
 allowing the withdrawal of the sanity motion took the ultimate decision of the defendant’s competency away from the court. In the present case, we find that the trial court erred in allowing the defendant to withdraw his motion for a sanity hearing after the court appointed a sanity commission because it was a further step in the criminal prosecution prohibited by LSA-C.Cr.P. art. 642.
 

 The trial court’s failure to rule on the defendant’s competency in a contradictory hearing pursuant to LSA-C.Cr.P. art. 647, after appointment of the sanity commission may result in nullification of the conviction and sentence or a nunc pro tunc hearing to determine the defendant’s competency retrospectively.
 

 In
 
 State v. Nomey,
 
 613 So.2d 157 (La.1993), the Louisiana Supreme Court found that the appellate court erred in remanding the case for a retroactive sanity hearing. The Louisiana Supreme Court vacated all proceedings after the appointment of the sanity commission including the defendant’s guilty pleas and remanded the case
 
 *701
 
 to the district court for further proceedings.
 
 State v. Nomey,
 
 613 So.2d at 162.
 

 The Louisiana Supreme Court granted certiorari on the issue of whether the defendant’s due process rights were violated by the trial court’s failure to hold a hearing on the issue of defendant’s sanity prior to accepting his guilty pleas.
 
 State v. Nomey,
 
 613 So.2d at 159. The Louisiana Supreme Court found that the State’s contention that the defendant was competent to proceed based on the reports of the sanity commission made prior to the guilty pleas missed the point. The Louisiana Supreme Court held that regardless of whether a retroactive determination of sanity could be made, the defendant was deprived of the protective procedures set forth in the Louisiana Criminal Code prior to the entry of his guilty pleas and, therefore, he was deprived of his due process rights.
 
 State v. Nomey,
 
 613 So.2d at 161. The
 
 Nomey
 
 court found that the case was the type of situation LSA-C.Cr.P. art. 642 was designed to prevent.
 
 State v. Nomey,
 
 613 So.2d at 161-62. The Louisiana 114Supreme Court found that the trial court’s acceptance of the defendant’s guilty pleas prior to conducting a sanity hearing violated the defendant’s statutory due process rights.
 
 State v. Nomey,
 
 613 So.2d at 162.
 

 “Where there is a bona fide question raised regarding a defendant’s capacity, the failure to observe procedures to protect a defendant’s right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.”
 
 State ex rel. Seals v. State,
 
 00-2738 at 6, 831 So.2d at 833;
 
 State v. Fish,
 
 99-1280 at 4, 759 So.2d at 939. Failure to resolve the issue of a defendant’s capacity to proceed might result in nullification of the conviction and sentence or a nunc pro tunc hearing to determine retrospectively his competency.
 
 State ex rel. Seals v. State,
 
 00-2738 at 6, 831 So.2d at 833.
 

 A nunc pro tunc hearing on the issue of competency is appropriate when there can still be a meaningful inquiry into the defendant’s competency. The trial court is vested with the discretion of making the determination of whether it can hold a meaningful retrospective competency hearing. This determination should be made by the trial court on a case-by-case basis.
 
 Id.
 
 The State bears the burden in the nunc pro tunc hearing to show the court that the tools for a rational decision are available.
 
 State ex rel. Seals v. State,
 
 00-2738 at 6-7, 831 So.2d at 833. The factors that the court may consider in its determination of the defendant’s competency are known as the
 
 Bennett
 
 factors.
 
 [1]
 
 Those factors include:
 

 [WJhether [t]he [defendant] is able to recall and relate facts pertaining to his actions and whereabouts at certain times; whether he is able to assist counsel in locating and examining relevant witnesses; whether he is able to maintain a consistent defense; whether he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements; whether he has the ability to make simple decisions in response to well-explained alternatives; whether, if necessary to defense strategy, he is capable of testifying in his own defense; and to what extent, if any, his mental condition is apt to deteriorate under the stress of trial.
 

 State ex rel. Seals v. State,
 
 00-2738 at 7, 831 So.2d at 833, quoting
 
 State v. Bennett,
 
 345 So.2d at 1137.
 

 
 *702
 
 In
 
 State v.
 
 Snyder,
 
 [2]
 
 the Louisiana Supreme Court found that the trial court erred in failing to make further inquiry into defendant’s competency prior to trial and remanded the case to the trial court to determine whether a nunc pro tunc competency hearing was possible and, if so, to conduct an evidentiary hearing.
 
 State v. Snyder,
 
 98-1078 at 31, 750 So.2d at 855. In that case, the defendant claimed that the trial court erred in failing to continue the trial in order to allow defense counsel adequate time to prepare and to develop a defense of insanity. The defendant argued that the trial court erred in denying the continuance in order to allow his anti-depressant medication to work, which would have allowed him to effectively communicate with and assist his attorney.
 
 State v. Snyder,
 
 98-1078 at 18, 750 So.2d at 846-47. After the defendant filed a motion to appoint a sanity commission, the trial court granted the motion, had the defendant examined, held a sanity hearing, and then found the defendant competent to stand trial.
 
 State v. Snyder,
 
 98-1078 at 18-20, 750 So.2d at 847-48. Subsequently, the defendant’s medication was changed, and defense counsel moved for a five-week continuance so that defendant could receive the full benefit of the new medication and assist his counsel. At the hearing on the motion, defense counsel introduced and filed into the record a letter from the defendant’s attending psychiatrist that stated the defendant’s medication was changed because he displayed severe depressive symptoms that might interfere with his ability to assist his attorney. According to the psychiatrist, it would take approximately six weeks for defendant to attain the maximum benefits.
 
 State v. Snyder,
 
 98-1078 at 20-21, 750 So.2d 848. The trial court denied the motion for continuance noting that the psychiatrist report stated hfithat the defendant’s symptoms might interfere with his ability to assist his attorney.
 
 State v. Snyder,
 
 98-1078 at 21, 750 So.2d 848. Subsequently, a clinical psychologist’s report was proffered by the defense, which noted that defendant had not had sufficient time to stabilize on the medication only having been on it for about a week. The doctor also observed that once defendant’s condition stabilized, it would be reasonable to assume that his cognitive processes should become sharper and more focused.
 
 State v. Snyder,
 
 98-1078 at 21, 750 So.2d 849.
 

 The Louisiana Supreme Court found that the record gave it no basis upon which to determine that the trial court did not err in failing to make further inquiry into defendant’s competency.
 
 State v. Snyder,
 
 98-1078 at 29, 750 So.2d 853. The
 
 Snyder
 
 court noted that its decision in
 
 Nomey
 
 does not preclude the possibility of a nunc pro tunc competency hearing in a case where the trial judge ignored a bona fide doubt as to the defendant’s competence to stand trial.
 
 State v. Snyder,
 
 98-1078 at 30, 750 So.2d 854-55. The Louisiana Supreme Court pretermitted a final determination of the appeal and reserved the defendant’s right to appeal from an adverse decision.
 
 State v. Snyder,
 
 98-1078 at 43, 750 So.2d 863.
 

 In
 
 Seals, supra,
 
 the Louisiana Supreme Court found that the facts of the case did not allow a retroactive competency hearing.
 
 State ex rel. Seals v. State,
 
 00-2738 at 9, 831 So.2d at 834-35. In that case, the defendant filed a motion requesting the court to appoint a psychiatrist to evaluate the defendant’s competency to stand trial and to determine the defendant’s sanity at
 
 *703
 
 the time of the commission of the alleged offense. The trial, judge signed the order to appoint a psychiatrist. However, the defendant was never examined, the Order was not implemented, and the court made no determination regarding the defendant’s competency. The defendant was tried and found guilty as charged.
 
 State ex rel. Seals v. State,
 
 00-2738 at 1-2, 831 So.2d at 830. The defendant filed an application for post-conviction relief raising grounds for relief including a
 
 Nomey
 
 claim alleging a due process violation because a competency examination was not conducted after it was ordered by the trial court.
 
 State ex rel. Seals v. State,
 
 00-2738 at 2, 831 So.2d at 831. The district court conducted hearings on the
 
 Nomey
 
 claim. The district court granted post-conviction relief after finding that it could not retrospectively determine the defendant’s competence to stand trial.
 
 State ex rel. Seals v. State,
 
 00-2738 at 3-4, 831 So.2d at 831-32.
 

 The Louisiana Supreme Court noted that the trial court did not appoint a sanity commission. Rather, the trial court ordered a preliminary inquiry pursuant to LSA-C.Cr.P. art. 643.
 
 State ex rel. Seals v. State,
 
 00-2738 at 9, 831 So.2d at 834. The court found, referencing its decision in
 
 Nomey,
 
 that the trial court must have found reasonable grounds to doubt the defendant’s mental capacity to proceed because it ordered an examination of the defendant.
 
 State ex rel. Seals v. State,
 
 00-2738 at 8-9, 831 So.2d at 834. The Louisiana Supreme Court held that, even though a sanity commission was not explicitly requested or deemed necessary by the trial court,
 
 Nomey
 
 applied if a meaningful retrospective determination of defendant’s capacity could not be made from the record.
 
 State ex rel. Seals v. State,
 
 00-2738 at 9, 831 So.2d at 834-35.
 

 In
 
 State v. Perkins,
 
 00-9 (La.App. 5 Cir. 5/17/00), 759 So.2d 334,
 
 writ
 
 denied, 00-1826 (La.4/26/02), 813 So.2d 1098, this Court vacated the defendant’s conviction and sentence and remanded the case to the trial court. The court ordered that no further steps in the prosecution be taken until the defendant was evaluated, a hearing was conducted, and the trial judge ruled on the defendant’s capacity to proceed.
 
 State v. Perkins,
 
 00-9 at 7, 759 So.2d at 337. This Court refused to infer that the trial judge found the defendant competent to stand trial from the record. This Court stated, “we will not infer protection of a defendant’s constitutional right to due process and a fair, trial from the silent record.”
 
 State v. Perkins,
 
 00-9 at 6, 759 So.2d at 337. This Court cited the Louisiana Supreme | ^Court’s decision in
 
 State v. Nomey, supra,
 
 noting that the failure to observe procedures adequate to protect a defendant’s right not to be tried or convicted while incompetent deprives the defendant of his due process right to a fair trial.
 
 State v. Perkins,
 
 00-9 at 4, 759 So.2d at 336. In
 
 Perkins,
 
 the trial court appointed a sanity commission to evaluate that defendant’s mental capacity to proceed.
 
 State v. Perkins,
 
 00-9 at 6, 759 So.2d at 337. This Court found that the evaluation was not completed, and the trial court made no ruling on the defendant’s capacity to proceed prior to the start of trial. This Court noted that it is well established that any further steps in the defendant’s prosecution taken after the issue of his mental capacity to proceed was raised had to be nullified, vacated and set aside.
 
 Id.
 

 In
 
 Strain, supra,
 
 the appellate court reversed the defendant’s' conviction and sentence.
 
 State v. Strain,
 
 42,809 at 7, 972 So.2d at 1189. The appellate court noted that the record contained no adequate consideration of the sanity question reflected on the record and no prior contradictory
 
 *704
 
 hearing on the issue.
 
 State v. Strain,
 
 42,809 at 6, 972 So.2d 1188. The appellate court found that because of the trial court’s error, the only issue was whether nullification of the conviction must occur or whether a remand was appropriate for- a nunc pro tunc hearing.
 
 Id.
 
 The appellate court cited the Louisiana Supreme Court’s decision in
 
 State v. Nomey,
 
 613 So.2d 157 (La.1993), noting that in that case the guilty plea was entered after the psychiatric examinations confirming competency were conducted. However, the findings of the examinations were not filed in the record prior to the defendant’s plea and were never considered in a contradictory hearing.
 
 State v. Strain,
 
 42,809 at 6-7, 972 So.2d at 1188. The appellate court held that the Louisiana Supreme Court’s decision in
 
 Nomey
 
 had to be followed in that case because the record gave no indication of the psychiatric examinations or their findings and because there was an absence of any process seeking to resolve the competency issue pursuant to the clear mandate of LSA-C.Cr.P. art. 642.
 

 In the present case, we find, based upon the decisions in
 
 State v. Nomey, State v. Perkins, State v. Seals, State v. Strain, supra,
 
 that all proceedings after the appointment of the sanity commission, including the defendant’s conviction and sentence, should be vacated because the record does not indicate that the trial judge ruled on the defendant’s competency to proceed and the facts of this case do not allow for a retroactive competency hearing. In addition, we find, as the Louisiana Supreme Court found in
 
 State v. Nomey, supra,
 
 that this is the type of situation that LSA-C.Cr.P. art. 642 was designed to prevent. As the Louisiana Supreme Court found in
 
 State v. Nomey, supra,
 
 the fact that the defendant was competent to proceed based on the report of the sanity commission misses the point because, regardless of whether a retroactive determination of sanity could be made, the defendant was deprived of statutory protective procedures prior to his conviction and, therefore, he was deprived of his due process rights.
 
 State v. Nomey,
 
 613 So.2d at 161. Thus, we vacate the defendant’s conviction and sentence for simple burglary of a vehicle, and remand the case to the trial court and order that no further steps in the prosecution be taken until the defendant is evaluated, a hearing is conducted, and the trial judge rules on the defendant’s capacity to proceed. Further, as a result of the conviction for simple burglary of a vehicle being vacated, we also vacate the trial court’s multiple offender finding and sentence.
 

 SUPPLEMENTAL PRO SE ASSIGNMENT OF ERROR
 

 In his supplemental pro se assignment of error, the defendant claims that the trial court erred in finding him competent based upon the sanity commission’s report (letter). The defendant contends that based upon the recent Supreme Court case of
 
 Melendez-Diaz v. Massachusetts,
 
 — U.S. —, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), the trial court erred in allowing the State to prove his competency by admitting ex parte out-of-court affidavits. The defendant claims that he was denied his Sixth Amendment right of confrontation because he was not allowed to 1 ^confront the witnesses against him, Dr. Salcedo and Dr. Richoux. The defendant argues that the report of the sanity commission falls within the core class of testimonial statements covered by the Confrontation Clause of the Sixth Amendment. The defendant asserts that his conviction and sentence should be reversed, and the trial court should be ordered to conduct another sanity hearing in which he can confront the witnesses against him.
 

 
 *705
 
 As discussed above in defendant’s counseled assignment of error number one, we find the trial court did not rule on defendant’s competency to proceed and a retroactive competency hearing is not appropriate in this case. Therefore, we vacate defendant’s conviction and sentence and remand to the trial court for an evaluation, hearing and ruling on the defendant’s competency to proceed. Thus, we find this supplemental pro se assignment of error to be moot.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
 

 In this pro se assignment of error, the defendant claims that the trial court erred in accepting his predicate guilty pleas because at the time the pleas were entered he was not informed of the minimum and maximum sentences he could receive. The defendant contends that prior to enactment of LSA-C.Cr.P. art. 556.1, the Louisiana Supreme in
 
 State v. Washington,
 
 406 So.2d 191 (1981), noted that a colloquy by the trial judge should include an attempt to ascertain that the defendant understands the permissible sentencing range. The defendant also cites several Second Circuit cases in which the court found, on error patent review, that the pleas were not voluntary and knowing because the court failed to inform the defendant of the possible sentencing range. Therefore, the defendant contends that the trial court erred in finding that the failure to advise him of the minimum and maximum sentence in his predicate pleas was not harmless error.
 

 In accordance with the above discussion, we vacate defendant’s conviction, as well as the multiple offender finding, and sentence. Therefore, we will not address this assignment of error.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER TWO
 

 In his second pro se assignment of error, the defendant claims that he was not properly advised of his
 
 Boykin
 
 rights in regard to his 1996 predicate conviction. The defendant argues that the waiver of rights form was not well-executed. The defendant claims that the waiver of rights form does not show that he acknowledged his rights by initialing them or that the trial judge advised specifically advised him of his right against self-incrimination. In addition, the defendant suggests that the commitment/minute entry in that case only states that he was advised of his rights and waived them. Therefore, his plea was involuntary.
 

 Again, since we vacate defendant’s conviction of simple burglary and multiple offender finding and sentence by this opinion, we will not address this issue.
 

 COUNSELED ASSIGNMENT OF ERROR NUMBER TWO
 

 The defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 387 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir. 1990) regardless of whether defendant makes such a request. The review reveals no errors patent in this case.
 

 CONVICTION AND SENTENCE VACATED; MULTIPLE OFFENDER FINDING AND SENTENCE VACATED; MATTER REMANDED.
 

 [1]
 

 .
 
 State v. Bennett,
 
 345 So.2d 1129, 1137 (La.1977).
 

 [2]
 

 .
 
 State v. Snyder,
 
 98-1078 (La.4/14/99), 750 So.2d 832,
 
 opinion after remand,
 
 98-1078 (La.4/14/04), 874 So.2d 739,
 
 cert. granted. judgment vacated on other grounds, Snyder v. Louisiana,
 
 545 U.S. 1137, 125 S.Ct. 2956, 162 L.Ed.2d 884 (2005)