UNITED STATES of America

v.

RENFROE, Adam O., Jr., Appellant.

No. 86–5546.

United States Court of Appeals,
Third Circuit.

Argued May 11, 1987.

Decided Aug. 7, 1987.

Victoria B. Eiger, Nathan Z. Dershowitz (argued), Dershowitz & Eiger, P.C., New York City, for appellant.

* Honorable Marvin Katz of the United States District Court for the Eastern District of Penn-

William C. Carpenter, Jr., U.S. Atty., Edmond Falgowski (argued), Asst. U.S. Atty., Wilmington, Del., for appellee.

Before GIBBONS, Chief Judge, MANSMANN, Circuit Judge, and KATZ, District Judge.*

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

This is an appeal from a judgment of conviction, following a jury trial, in which the defendant Adam Renfroe was found guilty of bribery of a witness in violation of 18 U.S.C. § 201(d) and obstruction of justice in violation of 18 U.S.C. § 1503. The defendant challenges the district court's denial of his claim that the conduct of the government was so improper that due process barred the prosecution; the court's admission of testimony regarding an alleged prior bad act by Renfroe; and his conviction under 18 U.S.C. § 1503 on the grounds that the section does not proscribe an attempt to bribe a witness. We find these contentions to be without merit and we will, therefore, affirm with respect to them.

The defendant also challenges the district court's refusal to adjourn sentencing in order to hold a hearing pursuant to 18 U.S.C. § 4241 to ascertain whether Renfroe was competent at trial and at the time of sentencing due to an alleged 16 year cocaine addiction. We find that, on the basis of the evidence presented to the court, there was reasonable cause to believe that Renfroe was not competent to stand trial nor to participate in sentencing. We, therefore, will remand for a determination by the district court as to whether a meaningful hearing on competency can now take place.

## I.

Appellant Adam Renfroe is an attorney who was indicted on March 4, 1986, and charged with bribery in violation of 18 U.S.C. § 201(d) and with obstruction of jus-

sylvania, sitting by designation.

tice in violation of 18 U.S.C. § 1503. A jury convicted Renfroe of both charges.

Questions regarding the issue of Renfroe's competency to stand trial and competency for sentencing purposes were first brought to the attention of the court, not by motion for a competency hearing but through testimony elicited at a post-trial due process and sentencing hearing.[1] At that proceeding, Mr. Renfroe's attorneys presented evidence attesting to Mr. Renfroe's long standing cocaine addiction, previous medical and legal problems incurred due to his addiction, and his then current admission to a detoxification center in Georgia.

Dr. Steven Simring, a psychiatrist, testified regarding Renfroe's 16 year cocaine use, Renfroe's denial of his cocaine abuse and addiction, and the defendant's physical problems resulting from the addiction. Dr. Simring also testified to the potential psychological defects which may be associated with habitual cocaine users, and to the fact that Renfroe had begun to respond to treatment for his addiction in the Georgia therapeutic center. The focus of this testimony was to establish the nature of drug addiction and behavioral and other manifestations of addiction in the context first of the due process hearing, and secondly, to support a request to postpone sentencing to allow Mr. Renfroe to complete his detoxification treatment.

During Dr. Simring's direct testimony, the court, *sua sponte*, raised the issue of Renfroe's competency to stand trial or to participate in the sentencing procedure. At that point counsel for Mr. Renfroe specifically declined to suggest that Renfroe was or had been incompetent at trial. As the proceeding continued, however, counsel elicited more information which bore upon the defendant's incompetence to stand trial and/or participate in the sentencing proceeding. At the close of the government's

cross-examination of Dr. Simring, counsel for Mr. Renfroe applied to the court for adjournment of the proceeding to allow Mr. Renfroe to complete the detoxification program and to then "submit the fuller picture in terms of competence and sentencing."[2] The government orally opposed these requests.

The court then presented the critical issue to counsel for both sides as "... whether I have probable cause to believe that he may be incompetent to testify." After further testimony, the court concluded that "... there is no evidence before the court which leads the court to conclude that the defendant is incompetent to proceed during the sentencing procedure. Whether he should be confined for drug addiction, that is an issue separate and apart from his ability to participate in these proceedings." Although it appears that the court may have presented its question to counsel in the context of an application under 18 U.S.C. § 4244 (a motion to determine the present mental condition of a convicted defendant), it is clear that the court's resolution of the issue pertained to Mr. Renfroe's competency to continue with the proceeding at hand. We conclude that the court's decision was directed to a competency hearing under 18 U.S.C. § 4241.

II.

Fundamental to our adversary system of justice, and perhaps especially of criminal justice, is the prohibition against subjecting to trial a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. *See Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). It is clear that the conviction of a legally incompetent defendant and the failure to provide adequate

---

1. The due process issue first arose in a pre-trial context when Mr. Renfroe moved for dismissal of the indictment on the grounds that the government's conduct was so outrageous and egregious as to warrant the dismissal of the charges. The ruling was reserved until after trial, and the issue was reheard at that time.

2. While this request lacks the formality associated with the filing or oral presentation of any motion, we are satisfied that counsel intended—and the court so treated—the request as a motion pursuant to 18 U.S.C. § 4241.

procedures to determine competence would violate a defendant's constitutional right to a fair trial. *Drope*, 420 U.S. at 172, 95 S.Ct. at 904.

In *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the Supreme Court defined the test for competence to stand trial as whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceeding against him. *Dusky*, 362 U.S. at 402, 80 S.Ct. at 788–89.

Congress codified the determination of a defendant's competence to stand trial in the Comprehensive Crime Control Act of 1984, P.L. 98–473, 18 U.S.C. § 4241. That section provides in relevant part:

(a) **Motion to determine competency of defendant.** At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[3]

We first confront the issue of our scope of review. The appellant asserts that "where there has never been a psychiatric evaluation, hearing or a judicial determination of competence, appellate review is comprehensive," *United States v. Bradshaw*, 690 F.2d 704 (9th Cir.), *cert denied*, 463 U.S. 1210, 103 S.Ct. 3543, 77 L.Ed.2d

1392 (1983), citing *Chavez v. United States*, 656 F.2d 512 (9th Cir.1981). The government asserts on the contrary, that the standard is whether the court's decision not to order a competency hearing is fairly supported by the record. *See, e.g., United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007 (7th Cir.1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 972, 83 L.Ed.2d 975 (1985).

■ The issue before us is whether the district court properly applied the standard for determination of whether a hearing on the appellant's competency was required under the facts of this case. Therefore, we conclude that our review is plenary. *Gaines v. Amalgamated Insurance Fund*, 753 F.2d 288 (3d Cir.1985).[4]

### III.

In this case, the district court found that there was no reasonable cause to believe the defendant was incompetent to proceed with a sentencing hearing and refused to consider whether the appellant had been competent at the time of trial, finding that that issue was being raised in an untimely fashion.

■ We note that the statute permits motions to determine competency "at any time after the commencement of prosecution for an offense and prior to the sentencing of the defendant ..." 18 U.S.C. § 4241(a). The request for a hearing to determine Renfroe's competency at trial was, therefore, timely and should have been addressed by the district court.

We consider then, the issue of what constitutes "reasonable cause" to believe that Renfroe may have been incompetent at trial and at sentencing.

■ A motion for a competency hearing under 18 U.S.C. § 4241(a) should be granted when there is a reasonable doubt as to the defendant's ability to consult with his

---

**3.** The enactment of § 4241 worked no change in the substantive standard for competence from the previous section, § 4244.

**4.** We note that it is the final determination of competence or lack thereof which is a finding of fact subject to a clearly erroneous standard of review. *United States v. Green*, 544 F.2d 138 (3d Cir.1976).

While we have held, in *United States v. Pogany*, 465 F.2d 72 (3d Cir.1972), that [former] § 4244 required a psychiatric examination if the motion for that examination was made in good faith and was not patently frivolous, we find that no such motion was ever made here.

lawyer with a reasonable degree of rational understanding, or a reasonable doubt as to his ability to understand the proceedings rationally as well as factually. *See, Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); *United States v. Johns,* 728 F.2d 953 (7th Cir.1984). Whether a hearing is required is therefore not susceptible to generalized concepts, or theories, but must be based upon the facts of the particular case. *See, e.g., United States v. Veatch,* 674 F.2d 1217 (9th Cir. 1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982).

■ In *Drope v. Missouri,* 420 U.S. at 180, 95 S.Ct. at 908, the Court suggested that the aggregate of a defendant's indicia of competence should be considered, although any one factor may be sufficient in some circumstances. Included in the Court's indicia of competence were evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence.

Other factors relevant to the determination may include an attorney's representation about his client's competency. *See United States v. Metcalfe,* 698 F.2d 877 (7th Cir.1983), *cert. denied,* 416 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 814 (1983), and a showing of narcotics abuse, *Howell v. United States,* 442 F.2d 265 (7th Cir.1971). All of these factors must inform the statutory requirement that a defendant be able to understand the nature and consequences of the proceedings against him and be able to assist properly in his defense.

In this case, the defense presented evidence that Adam Renfroe was a habitual cocaine user for approximately sixteen years prior to the proceedings at issue and that he used cocaine immediately prior to and during his own federal trial. Dr. Steven Simring testified that cocaine addiction would affect a defendant's capacity to confer effectively with counsel, that there was a "real question" in his mind as to whether Renfroe could effectively focus and assist counsel, and that Renfroe was suffering from a defect which affected his ability to cooperate effectively with counsel.

Mr. Renfroe's trial attorneys testified to his inability to aid in structuring his own defense. Indeed, during the trial Renfroe vigorously denied his cocaine use, insisted he was drug free, and forbade his attorneys from developing a defense which incorporated drug abuse.

Finally, there is the fact that subsequent to trial, but prior to sentencing, Renfroe was admitted to the Ridgeview Institute in Smyrna, Georgia, a treatment center for cocaine addicted individuals. Evidence from Renfroe's treating physicians at Ridgeview showed decreased physical capabilities and that Renfroe had a mixed personality disorder with narcissistic and antisocial features, as well as paranoia.

■ On these facts, we conclude that there was reasonable cause to question Mr. Renfroe's competence. The aggregate of the indicia presented to the district court established Mr. Renfroe's right to a hearing to determine his competency.

## IV.

We must next consider the appropriate remedy for this violation. Given the inherent difficulties in retrospective competency determinations, such *nunc pro tunc* evaluations are not favored. *See, Drope v. Missouri,* 420 U.S. 162, 183, 95 S.Ct. 896, 909, 43 L.Ed.2d 103 (1975), *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

However, such a determination may be conducted if a meaningful hearing on the issue of the competency of the defendant at the prior proceedings is still possible. *See, United States v. Johns,* 728 F.2d 953 (7th Cir.1984). The district court is in the best position to determine whether it can make a retrospective determination of Renfroe's competency during his trial and sentencing. *United States v. DiGilio,* 538 F.2d 972 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977). Here, because of the sparse testimony before the district court, we envision the taking of additional testimony to inform the district court's determination in that regard.

■ If the court concludes that a retrospective determination is still possible, a

competency hearing will be held, and if the conclusion is that Mr. Renfroe was competent, no new trial will be required. *United States v. DiGilio*, 538 F.2d at 989. If the district court determines that a meaningful hearing is no longer possible, Mr. Renfroe's conviction must be overturned and a new trial may be granted when he is competent to stand trial.

We will therefore remand this case to the district court for further proceedings consistent with this opinion.

### V.

After careful consideration we find. Mr. Renfroe's other contentions to be without merit. We will therefore affirm the judgment of the district court upon those issues.