United States v. Hung Fung Mar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of February, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
           RICHARD C. WESLEY,
           GERARD E. LYNCH,
                          *Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
                          *Appellee*,

           v.                                        No. 10-1853-cr

HUNG FUNG MAR,
                          *Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:        Ellyn I. Bank, Law Office of Ellyn I. Bank, New York, New York.

FOR APPELLEE:         Daniel S. Silver & Susan Corkery, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York (Korman, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Hung Fung Mar appeals from a judgment entered April 19, 2010, after a jury convicted her on two counts of an indictment for conspiring to import and to possess with the intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 963. The district court sentenced her to 120 months' imprisonment, five years' supervised release, and a $200 special assessment. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Mar argues (1) that the court had reasonable cause to believe that she may have been incompetent at the time of trial, and that the court therefore should have ordered a hearing to determine, retrospectively, whether she was competent to stand trial; and (2) that the court's failure to take the jury's full verdict in open court requires a new trial or resentencing. Because we find that both arguments are without merit, we affirm the judgment of conviction.

**I. Competence to Stand Trial**

A criminal defendant is not competent to stand trial if "the court finds by a preponderance of the evidence that [he] is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18

U.S.C. § 4241(d). See also Drope v. Missouri, 420 U.S. 162, 171 (1975); Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam). Courts have long recognized "the difficulty of retrospectively determining an accused's competence to stand trial." Pate v. Robinson, 383 U.S. 375, 387 (1966). See also Drope, 420 U.S. at 183 (noting that retrospective competence determinations involve "inherent difficulties" even "under the most favorable circumstances").

Mar claims that because a psychiatrist diagnosed her with "Psychosis Not Otherwise Specified" more than a year after her trial had concluded, and because a Bureau of Prisons psychologist subsequently diagnosed Mar as suffering at the time of examination from "Cognitive Disorder Not Otherwise Specified," the district court was obligated to order a hearing prior to sentencing in order to determine, retrospectively, whether she was competent to stand trial. The argument is unavailing.

Competency hearings are required only when a trial court has "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent . . . ." 18 U.S.C. § 4241(a); see also Pate, 383 U.S. at 385-86; United States v. Quintieri, 306 F.3d 1217, 1232-33 (2d Cir. 2002). The "[d]etermination of whether there is 'reasonable cause' to believe a defendant may be incompetent rests in the discretion of the district court," United States v. Vamos, 797 F.2d 1146, 1150 (2d Cir. 1986), and we review such determinations only for abuse of discretion. Quintieri, 306 F.3d at 1232-33. "In deciding that an evidentiary hearing is unnecessary, a court may rely not only on psychiatrists' reports indicating competency but also on its own

observations of the defendant." United States v. Nichols, 56 F.3d 403, 414 (2d Cir. 1995).

Here, the district court relied on its own observations of Mar during trial, on the affirmation of her trial counsel, and on three evaluations of Mar's mental health prepared by three different experts – a forensic psychiatrist retained by defense counsel and two forensic psychologists from the Bureau of Prisons ("BOP"). Taken together, this evidence supports the court's decision not to order a competency hearing.

Each expert's evaluation of Mar yielded a different conclusion about her present competency. The psychiatrist retained by defense counsel reported that Mar at the time of examination, more than a year and a half after trial, suffered from "Psychosis Not Otherwise Specified," and he recommended that Mar be "evaluated to determine whether she is in fact fit to proceed to sentencing." The district court followed this recommendation. A BOP psychologist evaluated Mar and concluded that although she "has displayed lifelong cognitive problems," her "speech was logical, coherent and relevant," she was not currently suffering from "hallucinations, delusions, or other serious psychiatric symptoms," and "[s]he did not exhibit any trouble with attention and concentration." The psychologist diagnosed Mar with "Cognitive Disorder Not Otherwise Specified," and found that she was "*currently* Not Competent to Stand Trial." (Emphasis added.) However, somewhat inconsistently, the psychologist also found that Mar understood "the charges and proceedings against her" and that she had "an understanding of the adversarial nature of courtroom proceedings."

A later, more in-depth evaluation by a second BOP psychologist reached a more favorable conclusion. Following a four-month evaluation period, that psychologist

concluded that Mar was presently "competent to proceed" and had "now recovered from symptoms of a mental disease or defect to the extent she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense." In addition, the psychologist found that Mar currently had a good understanding of the U.S. court system and of her case. Although Mar had "express[ed] some discontent with the way her original attorney handled her case," her discussion of this topic did not suggest to the psychologist that she was incompetent.

It is unsurprising that Mar's mental health may have fluctuated in the years following the trial. "Mental illness itself is not a unitary concept. . . . It can vary over time." Indiana v. Edwards, 554 U.S. 164, 175 (2008). However, "[t]he question of competency to stand trial is limited to the defendant's abilities *at the time of trial*." Vamos, 797 F.2d at 1150 (emphasis added). None of the three evaluations concluded that Mar had been incompetent at the time of trial.

In addition to reviewing the results of the three mental health evaluations, the district court based its decision not to hold a competency hearing upon its own observations of Mar at trial, and upon the affirmation submitted by Mar's trial counsel. According to the attorney, Mar "actively participated in her defense" at trial, and although she was not "well-educated or sophisticated," and "may not have been the easiest of clients to represent," "she was not incompetent to stand trial." The attorney stated that Mar had not suffered from any "inability to comprehend" during trial, but rather "was simply convinced of the correctness of her own view of her legal predicament, regardless of the advice she was being given and which she

rejected."

Taken together, this evidence – the three evaluations, the district court's own observations of Mar during the trial, and the trial counsel's affirmation – amply supports the district court's decision not to order a competency hearing. We have long recognized that "the district court is 'in the best position to determine whether it can make a retrospective determination . . . of competency during . . . trial and sentencing.'" United States v. Auen, 846 F.2d 872, 878 (2d Cir. 1988), quoting United States v. Renfroe, 825 F.2d 763, 767 (3d Cir. 1987) (ellipses in original). Here, the district court determined that Mar was competent for sentencing and that no hearing was necessary to investigate further whether she had been competent at the time of trial. The record fully supports that determination, and we find no evidence that the court abused its discretion.

## II. Reading of the Jury Verdict

For the first time on appeal, Mar also argues that the trial court erred in failing to read the full jury verdict aloud in open court at the conclusion of her trial, and that this error "requires a new trial." Alternatively, she argues that "the court's failure to poll the jury with regard to the entire verdict invalidates the verdict as to weight and appellant should be retried or resentenced in the absence of a mandatory minimum term." Neither argument has merit.

Rule 31 of the Federal Rules of Criminal Procedure provides that "[t]he jury must return its verdict to a judge in open court" and that "[t]he verdict must be unanimous." FED. R. CRIM. P. 31(a). The Rule also provides that "[a]fter a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors

6

individually." FED. R. CRIM. P. 31(d). "Since Rule 31(d) entrusts the trial judge with a measure of discretion, 'the reasonable exercise of this discretion should be accorded proper deference by a reviewing court.'" United States v. Gambino, 951 F.2d 498, 501 (2d Cir. 1991), quoting United States v. Brooks, 420 F.2d 1350, 1353 (D.C. Cir. 1969). Where, as here, an argument is not preserved at trial, we review for plain error, United States v. Yu-Leung, 51 F.3d 1116, 1121 (1995), and will not reverse "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (quotation marks and citations omitted; alteration in original).

It is clear from the record that the jury returned its written verdict in open court, found Mar guilty on both counts, and found the necessary drug quantity. The verdict form and transcript make this plain, and no juror indicated any disagreement with what the judge said the jury had found. Furthermore, defense counsel did not raise any objection, nor did he ask for the jury to be polled. The court nevertheless polled the jury sua sponte, then dismissed the jurors with defense counsel's consent. Even on appeal, Mar points to no ambiguity in the jury's written responses on the verdict form, and to no evidence that any juror failed to understand or agree with the unanimous verdict.

Although the better course perhaps would have been for the jury to announce its verdict and its answers to each of the drug-type and quantity interrogatories aloud, the procedure employed here fully complied with the requirements of Rule 31. Because defense counsel failed to make any objection below, and because we find no plain error, we conclude that the manner in which the district court read the verdict and polled the jury here does not

7

require a new trial or resentencing.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court