**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1870
_____

UNITED STATES OF AMERICA

v.

MICHAEL MEEHAN,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:08-cr-00328)
District Judge:  Hon. Thomas I. Vanaskie

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2011

Before:  FUENTES and CHAGARES, <u>Circuit Judges</u>, and POGUE, <u>Judge</u>.[1]

(Filed: December 19, 2011)

_____

OPINION
_____

---

[1] Honorable Donald C. Pogue, Chief Judge, United States Court of International Trade, sitting by designation.

CHAGARES, Circuit Judge.

Appellant Michael Meehan challenges the revocation of his supervised release, arguing he was entitled to a competency hearing prior to revocation despite the fact that he failed to request such a hearing. We will affirm.

I.

We write solely for the parties' benefit and thus recite only the facts essential to our disposition.

On March 28, 2009, following his guilty plea to one count of possession of stolen mail, Meehan was sentenced to 12 months and one day of incarceration and two years of supervised release. After he was released from jail, Meehan violated 11 terms of his supervised release. Based on these violations, which included Meehan's failure to report his arrests for theft, disorderly conduct, and driving infractions, the Probation Office filed a petition for an arrest warrant.

The District Court held a revocation of supervised release hearing on March 22, 2011. At the hearing, Meehan's counsel asserted that Meehan may be incompetent in light of his mental health history and incoherent statements. Counsel did not request a full competency evaluation, but instead suggested that "there should just be a preliminary inquiry into competency before any proceeding." Appendix ("App.") 31. Accordingly, the District Court held a colloquy in which Meehan was questioned regarding his understanding of his probation requirements, the present proceedings, and the fact that he could be sentenced to additional jail time. App. 31-40. Although Meehan became emotional, complained about his treatment in prison, and stated that he was "paranoid,"

2

his answers reflected a general understanding of the nature of the proceedings. App. 32, 35. Specifically, Meehan affirmed that he understood he could be sentenced to additional prison time, he had been advised of the relevant guidelines, he was entitled to a hearing, he had the right to testify and present witnesses at the hearing, and he was aware of what was occurring at the hearing. App. 32-43. He also correctly described some of the medical treatment he was receiving and told the Court his name, age, birth date, the approximate date of the hearing,[1] the approximate amount of time he had spent in prison, and his level of education. App. 37-39. Meehan erroneously named the President of the United States as President Bush, but upon further questioning by the District Judge, he admitted that he had heard of current President Barack Obama but hadn't "really been keeping up" or "keeping track of" who was the President. App. 37, 41. Meehan also noted that he was taking several medications, some of which affected his ability to concentrate or focus. App. 39.

The District Court found Meehan competent, explaining that "other than having the Presidents of the United States wrong, all the answers have been appropriate to the questions." Id. Meehan's counsel agreed that "there are many things that he does understand," but noted that he believed it was his "ethical duty" to raise the issue of competency. App. 42. The District Court then asked Meehan whether he would like to proceed with the hearing or delay in order to undergo a full competency evaluation. After conferring with his counsel, Meehan indicated he wished to proceed with the

---

[1] In response to the District Judge's questioning regarding the current date, Meehan responded that it was "somewhere between the 15th and the 25th" of March 2011. App. 37. The actual hearing date of March 22, 2011, fell within this range.

revocation hearing rather than be sent for an evaluation. App. 42. Meehan's counsel also agreed with the Court's finding that Meehan was competent, stating that "the fact that [Meehan] understands [the problems his state court convictions pose] and understands the other realities of some of the other legal situations he's going through . . . makes me believe that he can proceed with this." Id.

The District Court then heard evidence relating to Meehan's violations and found Meehan in violation of his probation. Meehan was sentenced to a within-guidelines term of 11 months of incarceration. App. 58. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e), and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Our review of whether a district court properly applied the standard for assessing the need for a competency hearing is plenary. United States v. Jones, 336 F.3d 245, 256 (3d Cir. 2003).[2] We review the District Court's factual findings regarding competency for clear error. Id.

## III.

---

[2] Given that Meehan failed to request a full competency evaluation and did not object to the District Court's determination that he was competent, the Government argues that we should apply plain error review pursuant to United States v. Couch, 291 F.3d 251, 252 (3d Cir. 2002). Because Meehan's appeal fails even if we apply a more lenient standard, we need not address whether a defendant asserting he is legally incompetent is subject to a more stringent standard of review when he fails to dispute a court's finding that he is competent.

Meehan argues that despite his refusal to undergo a full competency evaluation, the District Court erred by failing to order such an evaluation given his lengthy mental health history and his demeanor at the hearing.

The conviction of a legally incompetent defendant violates that defendant's due process rights.  United States v. Leggett, 162 F.3d 237, 241 (3d Cir. 1998).  Therefore, a court should order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).[3]  In making this determination, a court should consider all relevant evidence, including the defendant's medical history, irrational behavior, and present demeanor, to decide if the defendant (1) is able to assist in his own defense and (2) understands the nature and potential consequences of the proceeding.  Leggett, 162 F.3d at 242.  "Other factors that are relevant to the determination 'may include an attorney's representation about his client's competency.'"  Jones, 336 F.3d 256 (quoting United States v. Renfroe, 825 F.2d 763, 767 (3d Cir. 1987)).  In sum, determining whether there is "reasonable cause" to believe a defendant is legally incompetent "is a fact-intensive inquiry that depends on the unique circumstances of the case."  Id. at 257.

Although Meehan was taking several medications and answered a few questions vaguely or incorrectly, he indicated that he fully understood the nature of the proceeding.

---

[3] If there is "reasonable cause" to believe a defendant is incompetent, "even if neither the defendant nor the Government moves for such a hearing, the court shall conduct such a hearing on its own motion."  Jones, 336 F.3d at 256.

5

To the extent his answers revealed some confusion, the District Court properly explained what was going to occur at the hearing, and Meehan stated that he comprehended this explanation. Moreover, Meehan's counsel agreed with the District Court that Meehan was competent to proceed and did not request a full competency evaluation despite the District Court's offer to postpone the hearing to allow for such an evaluation. Following a thoughtful and appropriate inquiry into Meehan's competency, the District Court found Meehan was able to assist in his defense and that he understood the purpose and potential consequences of the revocation hearing. Accordingly, the District Court properly found there was not reasonable cause to believe Meehan was legally incompetent and declined to order Meehan to undergo a full competency evaluation.

IV.

For the foregoing reasons, we will affirm the District Court's opinion.