NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1975
_____

UNITED STATES OF AMERICA

v.

ALLIE SPEIGHT
also known as
ALLIE SPEIGHTS
also known as
A.H. SPEIGHT

Allie Speight,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-10-cr-00641-001)
District Judge Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2014

Before:  FUENTES and FISHER, *Circuit Judges*, and STARK,[*] *District Judge*.

(Filed: February 12, 2014 )
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Leonard P. Stark, District Judge for the United States District Court for the District of Delaware, sitting by designation.

FISHER, *Circuit Judge*

Allie Speight appeals his conviction and sentence in the United States District Court for the Eastern District of Pennsylvania to 160 months' imprisonment for a variety of fraud-related offenses. Speight waived his right to counsel and pled guilty to all charges in the indictment without a plea agreement. Speight challenges on appeal the District Court's failure to order a competency hearing *sua sponte* at the time he pled guilty. For the reasons stated below, we will affirm the District Court's judgment.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Speight and a number of co-defendants were indicted in September 2010 and charged with a number of fraud-related offenses. The charges arose from a complex fraudulent scheme to obtain loans and mortgages using false documents.

Speight suffers from "achalasia," a chronic and painful esophageal condition that causes a reflux of stomach acid into the esophagus. The condition causes pain in the abdomen and chest, along with persistent vomiting. The condition, though uncomfortable, is not life threatening and can be corrected with surgery. A doctor at the Federal Detention Center ("FDC") testified at one of Speight's bail hearings that the

2

treatment Speight received at the FDC was the same treatment he would receive outside the FDC, and that the corrective surgery could be provided by the Bureau of Prisons.

Speight has been detained since his initial appearance on October 6, 2010. He vigorously pursued bail throughout his pretrial detention, but it was continuously denied due to the determination that he was a flight risk. After a magistrate judge denied bail at Speight's initial appearance, he appealed his detention to the District Court, which denied his motion for bail. Speight filed another motion for bail on May 25, 2011, claiming that bail was appropriate due to the achalasia. The District Court denied Speight's motion for bail, on the grounds that he was a flight risk and his medical condition was adequately treated at the FDC. Speight filed a *pro se* appeal of his detention; this was followed by a counseled motion for bail with this Court, which we denied.

Speight had a number of lawyers throughout the pretrial period, but eventually elected to proceed *pro se*. On November 14, 2011, Speight and his attorney were present at a status conference with the District Court. Speight's counsel indicated that he needed a continuance of the trial date in order to review discovery material. Speight opposed a continuance and sought permission to proceed *pro se*. In explaining why he sought to represent himself, Speight talked about his pain and physical discomfort, his displeasure with his confinement at the FDC, his dissatisfaction with the speed at which he was proceeding to trial, and his desire to make his own decisions. While the District Court

3

repeatedly warned Speight of the dangers of proceeding *pro se*, it nonetheless scheduled a waiver of counsel hearing.

On December 7, 2011, the District Court conducted a colloquy on Speight's request to represent himself. After questioning Speight as to his understanding of the proceedings, the District Court determined that he was competent. Speight discussed his pain and physical condition in depth during the colloquy and again reiterated his desire to move ahead with the case, observing that his attorneys had been too busy to move forward. The District Court found that Speight had knowingly and voluntarily waived his right to counsel and permitted him to represent himself at trial, with his current attorney as standby counsel.

On April 5, 2012, Speight attended another pretrial status conference. After about an hour of pretrial discussions, during which the District Court denied Speight's request for a hard copy of thousands of pages of discovery, his motion to dismiss the indictment, and his motion for release pending trial, Speight announced that he wished to plead guilty to the entire indictment. After a recess of several hours, the Court conducted a guilty plea hearing with Speight. During the hearing, which lasted more than an hour and a half, Speight stated that he had never been treated for any mental-health issues and described his health problems in detail at the Court's request. The District Court inquired whether his health issues impacted his ability to think clearly, to which Speight first replied, "Well, I'm in a lot of pain and I'd like to move things quickly ahead," and then clarified

4

that he understood what he was doing and the decisions he was making. Following what the District Court accurately called "extensive discussions on the record," the District Court expressly found Speight to be competent and accepted his guilty plea.

Prior to sentencing, the District Court ordered that Speight undergo a psychological examination. The report revealed that Speight suffered from a Personality Disorder, Not Otherwise Specified, with antisocial and narcissistic personality dimensions. The report did not specifically address Speight's competency, but observed that he did not appear to suffer from cognitive difficulties, psychosis, formal thought disorder, schizophrenia, or mood disorders. At no time – from Speight's decision to waive counsel through his sentencing – did Speight's counsel, the Government, or the District Court seek or order a competency hearing. Speight was sentenced on March 19, 2013 to 160 months in prison, five years of supervised release, $1,000 in special assessments, and over $2 million in restitution. On April 1, 2013, Speight filed a timely *pro se* notice of appeal, and subsequently filed a counseled brief on appeal challenging the District Court's failure to order a competency hearing *sua sponte*.

II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

Speight urges that our standard of review over the District Court's failure to order a competency hearing should be plenary. The Government argues that because the issue

5

was not raised before the District Court, it should be reviewed for plain error or abuse of discretion. In support of plenary review, Speight points to *United States v. Leggett*, 162 F.3d 237 (3d Cir. 1998), and *United States v. Renfroe*, 825 F.2d 763 (3d Cir. 1987). We need not decide which standard of review properly applies, because we hold that even under plenary review, the District Court did not err in failing to order a competency hearing.

III.

"Fundamental to an adversarial system of justice is the precept that 'a person whose mental condition is such that [the person] lacks the capacity to understand the nature and the object of the proceedings[,] . . . to consult with counsel, and to assist in preparing [a] defense may not be subjected to a trial.'" *Leggett*, 162 F.3d at 241 (alterations in original) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). Pursuant to 18 U.S.C. § 4241(a), a criminal defendant shall be subjected to a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "Where such 'reasonable cause' exists, even if neither the defendant nor the Government moves for such a hearing, the court shall conduct such a hearing on its own motion." *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003).

Evidence relevant to the district court's review of a defendant's competency includes "a defendant's irrational behavior, [his] demeanor at trial, and any prior medical opinion on competence to stand trial." *Leggett*, 162 F.3d at 242 (quoting *Drope*, 420 U.S. at 180) (internal quotation marks omitted). Another relevant factor "may include an attorney's representation about his client's competency." *Renfroe*, 825 F.2d at 767. However, there are "no fixed or immutable signs which invariably indicate the need for further inquiry." *Drope*, 420 U.S. at 180. Indeed, "the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Id.*

Upon careful review of the record on appeal, we can find no error, even under plenary review, in the District Court's failure to order a competency hearing *sua sponte*. Although it was clear that Speight suffered from a painful medical condition and perhaps unwisely waived his right to counsel, these facts do not give rise to reasonable cause to believe that Speight was "suffering from a mental disease or defect rendering him mentally incompetent" for trial. 18 U.S.C. § 4241(a).

Speight argues that a combination of "red flags" gave rise to a reasonable cause to believe that he suffered a mental disease or defect rendering him unable to properly assist in his defense. These "red flags" are: (1) Speight's chronic pain, which he argues can cause mental illness; (2) Speight's "irrational conduct" in waiving his right to counsel; (3) the District Court's decision to order a psychological evaluation pre-sentencing; and

7

(4) the psychologist's finding that Speight had a personality disorder with antisocial and narcissistic dimensions.

We cannot accept that these "red flags" required the District Court to question Speight's competence *sua sponte*. Speight's account of his pain and reasoning gave no indication of mental illness and his behavior was not irrational. Speight cites a number of inapposite cases for the proposition that chronic pain can lead to depression. This might be so, but there were no indications before the District Court that Speight's pain rendered him "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). He appeared before the District Court on several occasions and spoke at length about his ailments and decisions. On the very day Speight entered his guilty plea, he appeared *pro se* and argued pretrial motions – not merely assisting in his defense but, in fact, conducting his own defense. He clearly stated during his plea colloquy that his pain did not affect his ability to think. While the decisions to waive counsel and to plead guilty without a plea agreement may not have been advisable, under the circumstances here they do not indicate incompetence.

Nor do the District Court's ordering of a psychological evaluation and the results of that evaluation lead us to believe that the District Court had reasonable cause to suspect that Speight suffered from a mental disease or defect rendering him mentally incompetent. The evaluation revealed that Speight had a personality disorder not otherwise specified with antisocial and narcissistic qualities. While the defendant in

8

*Renfroe* also had a personality disorder with narcissistic and antisocial features, that defendant was a habitual cocaine user whose treating physicians testified that he had paranoia and decreased physical capabilities. *Renfroe*, 825 F.2d at 767. Therefore, the situation in that case is not analogous to the one here. For these reasons, we find that the District Court did not have "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," 18 U.S.C. § 4241(a), and therefore did not err in failing to order a competency hearing.

IV.

For the reasons stated above, we affirm the District Court's judgment of conviction and sentence.

9