NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-3529 and 18-3811
_____

UNITED STATES OF AMERICA

v.

ALLIE SPEIGHT,
a/k/a Allie Speights
a/k/a A.H. Speight

Allie Speight,
      Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-0641-001)
District Judge:  Hon. Juan R. Sánchez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2021

Before:  CHAGARES, JORDAN, and SCIRICA, *Circuit Judges.*

(Filed April 28, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Allie Speight pled guilty to crimes related to an eight-year-long fraudulent scheme in which he directed co-conspirators to obtain mortgage loans in others' names and steal the proceeds. On appeal, he challenges his sentence and his underlying conviction. We will affirm.

## I.    BACKGROUND

Speight was indicted for multiple fraud offenses in 2010, including conspiracy to commit money laundering by wire fraud in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i). He sought to represent himself, and the District Court conducted a colloquy before concluding that he knowingly and voluntarily waived his right to counsel. The Court permitted him to proceed *pro se*, with his court-appointed attorney acting as standby counsel. On April 5, 2012, he pled guilty to ten charges.

The District Court held Speight's first sentencing hearing in 2013, during which Speight was represented by an appointed attorney. The government introduced evidence of actual loss through the testimony of an FBI agent, who described the mortgage amounts and sale records or estimated market values for the fourteen properties targeted in the fraudulent mortgage scheme. The FBI agent calculated a loss of approximately $2.04 million, subtracting recovered amounts from the original loans fraudulently obtained by Speight and his co-conspirators. Speight's attorney objected to the calculated loss amount. He also objected to the presentence report's recommendation of a two-level sentencing enhancement for ten or more victims, a four-level sentencing enhancement for a leadership role, a two-level enhancement for a crime involving

2

sophisticated means, and a two-level sentencing enhancement for money laundering. The Court overruled each objection.

Arguing for a downward variance under 18 U.S.C. § 3553(a), Speight's attorney referenced findings from a court-ordered psychological evaluation that concluded Speight suffers from anti-social personality disorder. The Court declined to vary from the guidelines range. It sentenced Speight to 160 months' imprisonment, and included mental health treatment as a condition of supervised release. Speight appealed, arguing that the Court erred in not *sua sponte* ordering a competency evaluation at the time he pled guilty. *United States v. Speight*, 554 F. App'x 119, 122 (3d Cir. 2014). We affirmed the conviction and sentence. *Id.*

In July 2013, the Pennsylvania Superior Court overturned Speight's prior state conviction, on which the criminal history category was based when his sentencing range in this case was calculated. Speight then successfully moved to vacate his sentence in this matter.

In 2016, the District Court resentenced him. It incorporated the evidence of actual loss from the 2013 Sentencing but reduced the estimate to $1,961,116 to account for the actual sale price, rather than the estimated market value, of one since-sold property. Speight's new attorney objected to the same sentencing enhancements, which the Court again overruled, incorporating its rulings from the 2013 Sentencing. Due to Speight's reduced criminal history category, the Court sentenced him to 146 months'

imprisonment, five years' supervised release with special conditions of drug treatment and mental health programs, and $1,961,116 in restitution. Speight has again appealed.[1]

## II. DISCUSSION[2]

Speight challenges his sentence and conviction, and once more his arguments fail.

### A. The District Court did not clearly err in determining the guidelines loss attributable to Speight.

We review the District Court's loss findings for clear error.[3] *United States v. Dullum*, 560 F.3d 133, 137 (3d Cir. 2009). The amount of loss attributed to a defendant convicted of a fraud conspiracy largely dictates his guidelines offense level. U.S.S.G. § 2B1.1(b)(1). A loss of more than $1.5 million but and not more than $3.5 million results in a 16-level enhancement, as found by the District Court here. *Id*. (b)(1)(I). "[A]ctual loss" is "the reasonably foreseeable pecuniary harm that resulted from the offense." *Id*. cmt. n.3(A)(i). Loss is based on "relevant conduct[,]" which includes "all acts and omissions committed, aided, [or] abetted ... by the defendant[,]" and "in the case of a jointly undertaken criminal activity ... all acts and omissions of others that were ...

---

[1] Speight separately appeals the District Court's denial of his motion seeking production of a second transcript. He baselessly argues that the transcript that has been produced was tampered with. We consolidated the appeal regarding the transcript with this resentencing appeal.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] The government contends that we should review Speight's challenge to the evidentiary basis for calculating loss for plain error because he failed to object on that basis at sentencing. *United States v. Lessner*, 498 F.3d 185, 201 (3d Cir. 2007). We need not resolve that issue because Speight's argument fails under either standard of review.

4

reasonably foreseeable in connection with that criminal activity[.]" *Id*. § 1B1.3(a)(1)(A)-(B). The sentencing court "need only make a reasonable estimate of loss[.]" *Id*. § 2B1.1(b)(1) cmt. n.3(C).

Speight first argues that no "reliable and specific" evidence in the record supports the loss estimate. (Opening Br. 9-11.) We disagree. The District Court relied on the FBI agent's extensive review of mortgage and sale records to determine actual loss. No error occurred because that evidence provided a reasonable estimate of actual loss.

Speight also contends that he should not have been held responsible for the entire loss amount, as the losses caused by his co-conspirators were not reasonably foreseeable. Speight's specific admissions at his plea hearing that he directed others to further the fraudulent scheme belie that argument.[4] The District Court did not clearly err.

### B. The District Court did not clearly err in applying the other sentencing enhancements.

We review for clear error the District Court's factual findings related to a guidelines calculation. *United States v. Fisher*, 502 F.3d 293, 308 (3d Cir. 2007).

Speight says that the District Court erred in applying a four-level enhancement under U.S.S.G. § 3B1.1(a) for his role as a leader or organizer of a conspiracy involving five or more participants. But the evidence in the record supports the finding that Speight led a conspiracy consisting of five or more participants: Speight admitted at his guilty plea to a leadership role and the presentence report and change-of-plea colloquy describe at least five other participants, three of whom were prosecuted.

---

[4] For those reasons, Speight's challenge to the restitution amount also fails.

Next, he argues that the District Court erred in applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) for an offense including ten or more victims. A "victim" is defined as "any person [or entity] who sustained any part of the actual loss[.]" U.S.S.G. § 2B1.1 cmt. n.1. The testifying FBI agent identified ten victim financial institutions and the amount each institution loaned. Speight's argument is therefore without merit.

Speight also contends that the District Court erroneously applied a two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B) for committing a money laundering offense in conjunction with violating 18 U.S.C. § 1956. He argues that he falls under Note 3(C) of the guideline, which exempts defendants who are "convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." U.S.S.G. § 2S1.1(b)(2)(B) cmt. n.3(C). Speight's argument fails because the indictment charges him with conspiring under § 1956(h) to violate § 1956(a)(1)(A)(i) and (a)(1)(B)(i)—not § 1957—and he admitted to the indicted offense when he pled guilty.

Again, there was no clear error in the District Court's decisions on those guidelines issues.

### C. The District Court did not plainly err in ordering mental health treatment as a special condition of supervised release.

We typically review a district court's imposition of a special condition of supervised release for abuse of discretion, but absent an objection, we review for plain error. *United States v. Warren*, 186 F.3d 358, 362 (3d Cir. 1999). The special condition

6

must be "reasonably related" to statutory sentencing factors and involve no greater deprivation of liberty than is reasonably necessary to achieve sentencing purposes. 18 U.S.C. § 3583(d)(1), (2).  Because Speight himself raised questions about his mental health during the criminal proceedings, the District Court did not err, much less plainly err, in finding that mental health treatment was reasonably related to statutory sentencing factors.

**D.** **We will not consider Speight's claim that his guilty plea was invalid.**

Finally, Speight argues that the District Court violated his right to counsel and that his uncounseled guilty plea was not knowing and voluntary.  Those arguments lack merit, and because they were not raised in the initial direct appeal of his conviction, *see Speight*, 554 F. App'x at 119-23, they are forfeited.  *United States v. Pultrone*, 241 F.3d 306, 307-08 (3d Cir. 2001) (declining to revisit, on appeal of a remand for resentencing only, arguments disputing the defendant's conviction which were not preserved on direct appeal).

**III.** **CONCLUSION**

For the foregoing reasons, we will affirm.